UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00014-MOC

| | |
|---|---|
| OSMAN WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the court on the government's Response (#6), in which it seeks dismissal of petitioner's Motion to Vacate, Correct, or Set Aside (#1) his sentence. After conducting a preliminary review of the government's Response, the court entered an Order (#7) providing petitioner with an opportunity to file a Reply. Petitioner has timely filed his Reply and the court has closely reviewed that pleading, along with his petition, in its consideration of the government's Motion to Dismiss. Petitioner has also requested an evidentiary hearing, which is denied as the petitioner has been able to well present his contentions and the factual issues are adequately resolved by reference to the plea and sentencing transcripts and other materials contained in the underlying criminal case file. United States v. White, 3:12cr13 (hereinafter "3:12cr13").

**FINDINGS AND CONCLUSIONS**

**I.     Petitioner's Claims**

In his Motion to Vacate, petitioner contends that he received ineffective assistance of counsel at sentencing based on his attorney's alleged failure to object to the sentence this court imposed. In particular, petitioner's claims stem from this court's denial of the government's

1

§5k1.1 request for a downward departure based on the fact in this particular case. Rather than downwardly depart, this court, after considering the §3553(a) factors and giving weight to the assistance petitioner provided, imposed a within guidelines sentence of 140 months, which was substantially lower than the sentence the government argued was appropriate, 151 months.

Petitioner argues that given the substantial assistance he provided the government, he should not have been sentenced within the guidelines range, but should have received a §5k1.1 departure that fell below the advisory guidelines range. In support of his argument, petitioner has cited the court to United States v. Vasquez-Lebron, 582 F.3d 443 (3d Cir. 2009), which held that a § 5K1.1 departure must be below the guidelines range. While the court does not take issue with the decision of Vaquez-Lebron, what petitioner fails to appreciate in this case is that the court did *not* grant him relief under §5k1.1. Thus, this court was under no obligation to impose a sentence that fell below the advisory guidelines range.

**II.     Applicable Standard**

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, in that it fell below an objective standard of reasonableness and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687, 687-91 (1984). In order to satisfy the performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id., at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id., at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome.

Id., at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citation omitted). If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Id., at 1290, citing Strickland, 466 U.S. at 697. In considering the prejudice prong of the analysis, the court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

### III. Discussion

#### A. Ineffective Assistance During the Plea Process

First, the court has considered petitioner's contention that his counsel misadvised him in the plea process, rendering the waiver of his right to appeal unknowing. Clearly, a criminal defendant has the right to "effective counsel during plea negotiations." Missouri v. Frye, 132 S. Ct. 1399, 1407-08 (2012); see Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (same). While there is no constitutional right for a defendant to enter into a plea agreement, see Weatherford v. Bursey, 429 U.S. 545, 561 (1977), and the decision to initiate plea negotiations is ordinarily a strategic decision within the purview of defense counsel, Hawkman v. Parratt, 661 F.2d 1161, 1171 (8th Cir. 1981), counsel is still required to be a "reasonably effective advocate" regarding the decision to seek a plea bargain. Brown v. Doe, 2 F.3d 1236, 1246 (2d Cir. 1993).

Review of the underlying record in the criminal case reveals that during the taking of the plea, petitioner made sworn statements to this court that indicated his plea was knowing and voluntary, that he had agreed to the waivers, and that he was satisfied with the services of his

3

attorney. The court specifically advised petitioner at the time of the plea that his sentence had not yet been determined, that it was within the government's discretion to determine whether to file a motion to reduce his sentence based on substantial assistance and that the court was not bound by such a motion, and that by pleading guilty he was waiving his right to challenge his sentence on direct appeal or in any post-conviction proceeding. Crim. Dkt. #117, ¶¶ 6, 18-19, 26, and # 280, pp. 10-11 (3:12cr13).

In the context of a guilty plea, to satisfy his burden of proving ineffective assistance of counsel a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The errors petitioner contends counsel made occurred well after petitioner entered his plea as they did not arise until the PSR was completed and petitioner (through the efforts of his counsel) prevailed in defending against objections that would have substantially raised the advisory guidelines range which had been projected in the initial PSR.

Because petitioner has not made any plausible allegation that he would have decided not to plead and would have insisted on going to trial had he been advised differently or that any of the advice he received in deciding to enter a plea was faulty, and it further appearing that petitioner received *substantial* benefits by pleading guilty, he has not shown the prejudice necessary to state a claim for ineffective assistance occurring during the plea process. Id. As petitioner has not come forward with any evidence that even suggests that his decision to enter a plea was the product of any erroneous advice, this claim will be dismissed.

### B. Ineffective Assistance of Counsel at Sentencing

Petitioner next contends that at sentencing his attorney failed to challenge the court's misapplication of §5K1.1. This allegation is wholly without any basis in fact.

As discussed above, petitioner's premise is flawed as this court did not misapply §5k1.1; rather, it declined to grant a §5k1.1 departure. Petitioner's other theories are also flawed as they fail to recognize that counsel zealously advocated for a §5k1.1 departure in a pre-hearing brief and in oral arguments made during the sentencing hearing. First, review of the record in 3:12cr13 reveals that counsel filed a Sentencing Memorandum (#230) challenging the government's assertion that a sentence of 151 months was appropriate even when petitioner's substantial assistance was considered. Further, review of the Transcript (#281) of the sentencing hearing reveals that counsel strongly advocated for a §5k1.1 departure and a below guidelines sentence. Crim. Dkt. #281, pp. 42, 46-49. While counsel's arguments did not win the day on the issue of granting a §5k1.1 departure, he did prevail in convincing this court to take nearly a year off a sentence which the court had determined would have been appropriate in and of itself. As the Court in Strickland held:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

Strickland, 466 U.S. at 689 (citation omitted). Failure to prevail in argument does not constitute ineffective assistance of counsel. Id.; United States v. Davis, 1995 WL 37296, *1 (9th Cir. Jan. 30, 2995).

As during the plea process, a criminal defendant has a right to effective assistance of counsel during the sentencing process, see Lafler, supra, which this court considers as usually beginning with the PSR interview and ultimately ending with the court's imposition of a sentence. Review of the underlying criminal docket reveals that trial counsel provided petitioner with thorough representation throughout the sentencing phase of his case. Thus, petitioner's contention

5

that his attorney failed to challenge what he considers to be a misapplication of §5k1.1 is without any support as his attorney *strongly* challenged the government's suggested application even before the sentencing hearing was convened.

The fact that this court declined to grant the government's request for a downward departure under §5k1.1 is in no way attributable to a failure of advocacy by trial counsel or in any way attributable to counsel's failure to argue that the downward departure was improperly calculated. Rather than reduce his sentence under §5k1.1, this court considered petitioner's cooperation and assistance along with all the §3553(a) factors. While the court first determined that a top of the advisory guidelines sentence of 151 would have been an appropriate outcome for petitioner as it represented a sentence nearly 10 years below that which could have resulted absent the plea, the court determined that a within guidelines sentence of 140 months was appropriate in recognition of petitioner's assistance and other sentencing factors. Ultimately, the advocacy of petitioner's counsel, while not achieving the result petitioner or counsel wanted, was of such a compelling nature as to convince this court to impose a within guidelines sentence that was nearly a year shorter than the 151 month sentence advocated by the government. Thus, petitioner's claim of ineffective assistance of trial counsel at sentencing fails as counsel's performance was in no manner deficient and petitioner has shown no prejudice ensued as a result of such representation.

### C. Ineffective Assistance of Counsel on Appeal

Finally, petitioner contends that his trial attorney, who later served as appellate counsel, provided ineffective assistance in his appeal inasmuch as he raised an issue on appeal which petitioner had waived as part of his plea agreement. Petitioner contends that his trial counsel advised him that he could and would raise the substantial assistance issue on direct appeal; that he then raised such issue on appeal; but that such issue was dismissed by the appellate court based on

6

petitioner's appellate waiver of that issue. As a sub-contention, petitioner also contends that his waiver of his right to appeal this issue was not intelligently made in light of the erroneous advice he received from counsel.

Again, petitioner's underlying premise is faulty inasmuch as the "would and could" advice counsel provided was in fact accurate. While an appellate waiver may well result in a particular issue being dismissed on appeal if the government seeks to enforce the waiver, it is in no manner a prohibition on *raising* the issue on appeal. Thus, it is perfectly appropriate for zealous counsel to appeal issues as to which an appellate waiver may apply inasmuch as the appellate courts decline to enforce appellate waivers *sua sponte*. See United States v. Blick, 408 F.3d 162, 168 (4th Cir.2005); see also United States v. Poindexter, 492 F.3d 263, 271 (4th Cir.2007) (finding that that in an *Anders* appeal with appellate waiver, the government's failure to respond "allow[s] this court to perform the required Anders review"). Simply asserting as an issue on appeal a matter covered by an appellate waiver does not amount to ineffective assistance of counsel. The fact that a defendant has agreed to waive his appellate rights is not a bar to a defendant asserting those waived rights on appeal as it is ultimately up to the government to assert and seek enforcement of the appellate waiver. If it fails to do so, those issues can go forward. In no event, however, is a defendant harmed by an attorney's prophylactic assertion of waived rights.

Review of the record as a whole also reveals that there is no possible prejudice here as, absent such waiver, the only way petitioner could have succeeded on an appeal of denial of a §5k1.1 motion would have been to show the appellate court that this court did not understand that it had authority to downwardly depart. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008) (holding there is no authority "to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so"). As the transcript of the sentencing

7

hearing makes clear, this court thoroughly understood that the sentencing guidelines were only advisory, that it had authority to downwardly depart under §5k1.1, and that it declined to depart based on the facts of this particular case. Crim. Dkt. #28, pp. 55-58 (3:12cr13). Thus, petitioner's claim of ineffective assistance of counsel during the appeal fails as counsel's performance was in no manner deficient and petitioner has shown no prejudice ensued as a result of such representation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that respondent's Motion to Dismiss is GRANTED, and the petitioner's Motion to Vacate, Correct, or Set Aside (#1) his sentence is DISMISSED with prejudice.

The Clerk of Court is instructed to enter a Judgment consistent with this Order.

**Denial of a Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right). Close review of

all the arguments does not demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong.

Signed: May 12, 2015

Max O. Cogburn Jr.
United States District Judge